IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**DARIUS QUINARD CARLISLE,**

    **Movant,**

v.                                    Case No. 2:04-cr-00096-1
                                      Case No. 2:08-cv-00142

**UNITED STATES OF AMERICA,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

On March 3, 2008, Movant, Darius Quinard Carlisle ("Defendant") filed a Motion to Vacate Conviction and Sentence Under the "Savings Clause" of 28 U.S.C. § 2255, ¶ 5 (docket # 152). This matter is assigned to the Honorable David A. Faber, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On December 13, 2004, Defendant entered guilty pleas to interference with commerce by threats or violence, and use of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 1951 and 924(c)(1)(A). United States v. Carlisle, Case No. 2:04-cr-00096-1 (S.D. W. Va.), docket ## 127-130. On April 6, 2005, Defendant was sentenced to a total of 216 months of imprisonment,

to be followed by a five-year term of supervised release. Defendant was also ordered to pay restitution in the amount of $67,585.18, and a $200 special assessment. (Judgment in a Criminal Case, # 144.) The offenses arose out of the armed robbery and shooting of a pizza deliveryman. Defendant did not take a direct appeal. Defendant has not previously filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. The motion asserts that Defendant is actually and factually innocent. No other explanation is provided.

## **ANALYSIS**

The motion is filed pursuant to the "savings clause" of § 2255, which reads as follows:

> (e) An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

The motion amounts to a request for collateral review of Defendant's conviction and sentence, because Defendant challenges the validity of his conviction. Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th

2

Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The prisoner bears the burden of showing the inadequacy or ineffectiveness of a section 2255 motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

Defendant slept on his rights in this case. Following the entry of his Judgment, Defendant failed to file a direct appeal to the United States Court of Appeals for the Fourth Circuit. Thus, his Judgment became final upon the expiration of the time for filing a direct appeal, on April 28, 2005. Defendant further failed to file a section 2255 motion within one year of his judgment becoming final, in accordance with the statute of limitations contained in 28 U.S.C. § 2255. That time period expired on or about April 28, 2006. Consequently, any section 2255 motion filed by Defendant now is time-barred. The fact that relief under section 2255 is barred procedurally or by the gatekeeping requirements of section 2255 does not render the remedy of section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F. Supp.2d 354, 357 (S.D. W. Va. 2001)(Haden, C.J.).

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[i]f it plainly appears from the motion, any attached exhibits, and the record of

prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." The undersigned has carefully examined Defendant's Motion and has concluded that it plainly appears that Defendant is not entitled to relief in this case. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's section 2255 motion and dismiss this matter from the court's docket.

Defendant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 45(c) of the Federal Rules of Criminal Procedure, Defendant shall have ten days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S.

140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Faber and this Magistrate Judge.

    The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Defendant.

    <u>March 17, 2008</u>
          Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge