IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

DARIUS QUINARD CARLISLE,

      Movant,

v.                               CIVIL ACTION NO. 2:08-00142
                               (CRIMINAL ACTION NO. 2:04-00096-1)

UNITED STATES OF AMERICA,

      Respondent.

<u>MEMORANDUM OPINION</u>

Pending before the court is the movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 152).[1]  By Standing Order entered August 1, 2006, and filed in this case on March 3, 2008, this matter was referred to United States Magistrate Judge Mary E. Stanley.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the Standing Order directs Magistrate Judge Stanley to submit proposed findings and recommendation concerning the disposition of this matter.  On March 17, 2008, Magistrate Judge Stanley submitted her Proposed Findings and Recommendation ("PF & R") recommending denial of the motion.  (Doc. No. 155.)  Movant filed objections on April 2, 2008.  (Doc. No. 156.)  The court has conducted a de novo review as to movant's objections pursuant to 28 U.S.C. § 636(b).

---

[1]  Except where otherwise noted, citations to the record refer to Civil Action Number 2:08-00142.

## I.   Background

On December 13, 2004, the movant pled guilty to Counts One and Two of a Superceding Indictment charging him with a violation of 18 U.S.C. § 1951 (robbery affecting interstate commerce) and a violation of 18 U.S.C. § 924(c)(1)(A)(using a firearm during a crime of violence).  (2:04-cr-00096-1, Doc. Nos. 127-129.)  This court accepted his plea and on February 25, 2005, sentenced the movant to a total of two hundred and sixteen (216) months imprisonment.  (2:04-cr-00096-1, Doc. Nos. 140, 144.)  The movant did not appeal his sentence.

On March 3, 2008, the movant being a person in Federal custody filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 arguing only that he was actually and factually innocent of the violations to which he had pled guilty.  (Doc. No. 152.)  Upon referral, Magistrate Judge Stanley characterized the motion as a request for collateral review of conviction and sentence and then properly noted that motions under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective.  (Doc. No. 155 at 2-3 (citing In re Jones, 226 F.3d 328, 333 (4th Cir. 2000).)  Because the movant failed to timely file his motion and because such a procedural time bar does not render a § 2255 remedy inadequate or ineffective under Young v. Conley, 128 F.

2

Supp. 2d 354, 357 (S.D. W. Va. 2001), the magistrate judge concluded that the movant is not entitled to relief and recommended that this court deny movant's § 2255 motion.  (Id. at 3-4.)  The movant objected arguing not that his motion was filed timely but rather arguing that he met his burden of showing that a § 2255 remedy is inadequate or ineffective and that he therefore may proceed pursuant to 28 U.S.C. 2241.  (Doc. No. 156.)

## II.  Analysis

Individuals convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate pursuant to 28 U.S.C. § 2255.  See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997).  28 U.S.C. § 2255 was amended in 1996 by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which incorporated procedural limitations into the statute.  For example, the statute now generally requires a movant to seek relief within one year of the date his conviction becomes final.  See 28 U.S.C. § 2255.  In the instant case, it is undisputed that the movant's conviction became final on April 28, 2005, and that he did not file the instant motion until March 3, 2008.

The movant seeks to invoke the "savings clause" found within 28 U.S.C. § 2255, which allows a petitioner to seek relief under 28 U.S.C. § 2241 whenever "the remedy [under 2255] is inadequate

or ineffective to test the legality of his detention." See 28 U.S.C. § 2255.  The United States Court of Appeals for the Fourth Circuit, however, has found that "(t)he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).  As such, this court finds that the remedy afforded by § 2255 is neither inadequate nor ineffective and that the movant has failed to sustain his burden of showing such.

## III. Conclusion

The court therefore **CONFIRMS** and **ACCEPTS** Magistrate Judge Stanley's Proposed Findings & Recommendation (Doc. No. 155), **OVERRULES** movant's objection thereto (Doc. No. 156), **DISMISSES** movant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 152), and **DIRECTS** the Clerk to remove this action from the court's docket.  A Judgment Order of even date will be entered effectuating the court's ruling.

The Clerk is directed to mail a copy of this Memorandum Opinion to all counsel of record and the movant, pro se.

It is **SO ORDERED** this 22nd day of July, 2008.

ENTER:

David A. Faber
United States District Judge

4